UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| This document relates to: Vera Davenport v. Bayer Corporation, et al., No. 3-453 | ORDER GRANTING BAYER CORPORATION'S OBJECTION TO ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED AND VACATING ORDER TO SHOW CAUSE |

On March 8, 2005, the court issued an order to show cause why this case should not be remanded. Defendant Bayer Corporation filed an objection, claiming that necessary, outstanding discovery remains. Bayer requests that the court retain jurisdiction of the case and extend the case-specific fact discovery deadline by ninety days. Defendant SmithKline Beecham Corporation joins in the objection. Having reviewed Bayer's objection to remand, plaintiff's response, and the reply thereto, the court hereby finds and rules as follows:

Bayer urges this court to stay remand of this case, claiming

ORDER
Page - 1 -

that it recently discovered previously undisclosed medical records which show that prior to plaintiff's alleged stroke, she was hospitalized after attempting to commit suicide. Plaintiff did not disclose the attempted suicide in the Plaintiff's Fact Sheet ("PFS") or during her deposition.[1] Bayer argues that the attempted suicide is relevant to plaintiff's present claims because she alleges that she suffers from psychological and cognitive injuries as a result of her stroke. Bayer has the right to explore whether such conditions existed at the time of the suicide attempt. Therefore, Bayer argues, its legitimate discovery interests outweigh any burden on plaintiff attributable to the requested ninety day extension of discovery.

Plaintiff urges the court deny to Bayer's extension request and, instead, remand the case.  She asserts that Bayer has had medical records pertaining to the suicide attempt in its possession since June 9, 2004.[2]  As such, Bayer had ample time to pursue discovery relating to that matter. Plaintiff also argues that her suicide attempt, which occurred almost ten years prior to the events giving rise to the current litigation, has no bearing on any issue in this case.

The court disagrees.  In the present action plaintiff claims that she suffered cognitive and psychological injury from her

---

[1] Plaintiff's deposition was taken on August 6, 2004.

[2] Plaintiff admits that she did not specifically disclose the suicide attempt in the PFS or at her deposition; however, she did disclose Trident Medical Center in the PFS.

ORDER
Page - 2 -

stroke. As such, Bayer is entitled to explore the circumstances surrounding the suicide attempt, particularly plaintiff's mental state at the time. In addition, regardless of when Bayer first received the Trident medical records, plaintiff should have disclosed the suicide attempt in the PFS.

Based on the forgoing, the court GRANTS Bayer's objection to the order to show cause why this matter should not be remanded, and vacates the March 8, 2005 Order to Show Cause. The court hereby extends the case-specific fact discovery deadline in this case by ninety days from the date of this order. At the expiration of the ninety period, the case will be included on the court's next Suggestion of Remand Order.

DATED at Seattle, Washington this 9th day of May, 2005.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT
JUDGE